---

LAURA BUSTAMANTE,

               Plaintiff,

    v.

JACOBUS ENERGY, LLC,

               Defendant.

Case No. 26CV424

---

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND RESPONSE TO PLAINTIFF'S MOTION TO STAY**

---

## INTRODUCTION

Plaintiff's Complaint must be dismissed because she failed to exhaust her administrative remedies before filing suit. Plaintiff, Laura Bustamante, alleges Jacobus Energy, LLC ("Jacobus Energy") failed to accommodate her disability and terminated her employment in violation of the Americans with Disabilities Act ("ADA"). However, these claims were not raised in the same EEOC Charge for which Plaintiff obtained an EEOC Determination and Notice of Rights on March 12, 2026 (the "EEOC Notice"). Rather, the EEOC issued the EEOC Notice in response to a prior, distinct charge of discrimination filed by Plaintiff. Therefore, Jacobus Energy moves this Court for entry of an order dismissing the Complaint for lack of exhaustion and denying Plaintiff's Motion to Stay Federal Proceedings as moot.

## SUMMARY OF THE ALLEGATIONS

Plaintiff worked as a mobile diesel fueler for Jacobus Energy, LLC, a business based in Milwaukee, Wisconsin, for approximately six years. (Compl. ¶¶ 2, 4.) On August 6, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against her then-employer, Jacobus Energy (*Id.* ¶ 3; McCann Decl. ¶ 2, Ex. A.) (hereinafter referred

38146743.4

to as the "EEOC Charge"). The EEOC assigned Case No. 443-2024-03034 to the EEOC Charge. (McCann Decl. ¶ 2, Ex. A.)  In the EEOC Charge, Plaintiff alleged she was subject to harassment and different terms and conditions of employment because of her disability, sex, age, and in retaliation for engaging in protected activity, from October 1, 2023 to August 2, 2024. (*Id.*)

Then, on or about February 27, 2025, Plaintiff pursued a second, distinct action against Jacobus Energy by filing a discrimination complaint with the Wisconsin Equal Rights Division ("ERD") (McCann Decl. ¶ 3, Ex. B.) (hereinafter referred to as the "ERD Charge"). Because discrimination complaints filed with the ERD are also cross-filed with the EEOC, the EEOC assigned Case No. 26G202500648 to the ERD Charge. [1] (Dkt. 2-1.) In the ERD Charge, Plaintiff alleged she was terminated based on disability, age, sex, and in retaliation for engaging in protected activity. (McCann Decl. ¶ 3, Ex. B.) Plaintiff further alleged a failure to accommodate claim, stating that she was not offered available positions after sharing her permanent restrictions in October 2024. (*Id.*) The ERD continues to investigate the ERD Charge, and the claims asserted therein, and most recently issued the parties a Certification to Hearing on the issue of probable cause on January 13, 2026. (Dkt. 2, 2-1.)

Plaintiff filed the Complaint in this action on March 17, 2026, shortly after receiving the EEOC Notice. (Compl. ¶ 3.)  In the Complaint, Plaintiff alleges Jacobus Energy failed to accommodate her disability and terminated her employment because of her disability, in each case in violation of the Americans with Disabilities Act. (*Id.* ¶¶ 4-7.) Specifically, Plaintiff alleges that despite providing Jacobus Energy with medical documents establishing permanent restrictions on October 18, 2024, Jacobus Energy did not evaluate her qualifications for available positions and

---

[1] Although charges/complaints of discrimination filed with the EEOC are cross-filed with the Wisconsin ERD and vice versa, we refer to the administrative charges based on the agency that first received the charge from Plaintiff ("EEOC Charge" and "ERD Charge") for ease of reference.

38146743.4

instead terminated her employment on December 19, 2024. (*Id.* ¶ 4.) In other words, Plaintiff's Complaint asserts claims from the ERD Charge, which were not included in the EEOC Charge for which she received the EEOC Notice. (McCann Decl. ¶¶ 2-3, Exs. A & B.) The claims asserted in the Complaint have not been investigated by the EEOC and are currently still pending at the ERD. (Dkt. 2, 2-1.)

Plaintiff also filed with this Court a Motion to Stay Federal Proceedings on March 17, 2026. (Dkt. 2.) She asks the Court to stay proceedings in this Court until the ERD concludes its processing of the "same issues" in order to "avoid duplicative litigation." (*Id.*)

## LEGAL ARGUMENT

Plaintiff's Complaint must be dismissed because she has not exhausted her administrative remedies as to the claims pending before this Court. Before bringing an ADA claim in court, a plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC (or ERD) and receiving an EEOC notice and determination of rights. *See Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018); 42 U.S.C. § 12117(a) (applying Title VII remedies and exhaustion procedures to the ADA). "After doing so, a plaintiff filing suit in federal court may bring only those claims that were included in [his] EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citation and internal quotations omitted). The "charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphasis in original).

The failure to exhaust administrative remedies is an affirmative defense, *see Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921-22 (7th Cir. 2007), and a district court ordinarily should not dismiss a complaint based on an affirmative defense. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). However, "when it is clear from the face of the complaint, and

38146743.4

matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." *Id.* (citation omitted). Courts in this circuit routinely dismiss claims on a Rule 12(b)(6) motion for failure to exhaust administrative remedies. *See Sherman v. Conagra Foods Inc.*, No. 21-cv-1038, 2022 WL 5242659 (E.D. Wis. Oct. 6, 2022) (deciding exhaustion on Rule 12(b)(6) motion); *Egelkrout v. Aspirus, Inc.*, No. 22-cv-118, 2022 WL 2833961 (W.D. Wis. July 20, 2022) (same).

Here, the Court may review and consider the EEOC Charge and the ERD Charge because it is "well-settled in this circuit" that the court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Plaintiff refers to the EEOC Charge in Paragraph 3 of the Complaint, and the EEOC Charge is central to Plaintiff's ability to bring her claims under the ADA. *See Egelkrout*, 2022 WL 2833961 (considering EEOC charge at the motion to dismiss stage). Likewise, Plaintiff refers to the ERD Charge in Paragraph 8 of the Complaint. Moreover, the Court may take judicial notice of these administrative charges. *Parungao,* 858 F.3d at 457 ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.")

From the face of the Complaint and the EEOC Charge, Plaintiff plainly did not exhaust her administrative remedies and dismissal is appropriate. In the EEOC Charge, Plaintiff alleged harassment and discriminatory terms and conditions of employment, beginning October 1, 2023, and continuing through August 2, 2024. She did not allege the ADA failure to accommodate or termination claims now asserted in the Complaint nor could she have done so. According to the Complaint, Jacobus Energy's alleged failure to accommodate and termination decisions began on

38146743.4

or after October 18, 2024, which was *after* the EEOC Charge was filed with the EEOC on August 6, 2024.

Furthermore, the ADA failure to accommodate and termination claims are not "like or reasonably related" to the allegations in the EEOC Charge because they do not involve the same conduct or the same time frame. The EEOC Charge alleged completely different actions occurring months earlier. *See* Riley, 909 F.3d at 190 (plaintiff's claim that she was denied a reasonable accommodation under the ADA was outside the scope of the EEOC charge, which alleged only that plaintiff believed she had been terminated from her job because of her disability; although both claims arose under the ADA, they were analytically distinct).

Moreover, to date, Plaintiff has elected to pursue her failure to accommodate and termination claims through state administrative proceedings at the ERD. (McCann Decl. ¶¶ 3-4, Ex. B.) In fact, Plaintiff admits in her Motion to Stay Federal Proceedings that the "same issues" are pending with the ERD. (Dkt. 2.) Because these claims are currently pending at the ERD, Plaintiff cannot simultaneously pursue them in this Court; she must wait until she receives a final agency decision or an EEOC notice and determination of rights for those claims. *Sherman*, 2022 WL 5242659 at *3. Accordingly, the Complaint must be dismissed without prejudice for lack of exhaustion, and Plaintiff's Motion to Stay Federal Proceedings must be denied as moot.

## CONCLUSION

Based on the foregoing, Jacobus Energy respectfully requests the Court enter an order dismissing Plaintiff's Complaint without prejudice and denying the Motion to Stay Federal Proceedings as moot.

5

38146743.4

Dated this 9th day of April, 2026.

GODFREY & KAHN, S.C.

By: *s/ Aaron P. McCann*
    Aaron P. McCann
    State Bar No. 1086319
    Sarah K. Keebler
    State Bar No. 1114561

Attorneys for Defendant

MAILING ADDRESS:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone:  920-432-9300
Fax:  920-436-7988
Email:  amccann@gklaw.com
       skeebler@gklaw.com

6

38146743.4