UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MILWAUKEE DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 APR 10 A 10: 10

CLERK OF COURT

LAURA BUSTAMANTE,

Plaintiff,

v. Case No. 26-CV-424

JACOBUS ENERGY, LLC,

Defendant.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I. INTRODUCTION

Plaintiff Laura Bustamante respectfully opposes Defendant's Motion to Dismiss. Defendant argues that Plaintiff failed to exhaust administrative remedies because the claims asserted in the Complaint were not included in Plaintiff's earlier EEOC charge. This argument is incorrect.

Plaintiff's claims for failure to accommodate and termination are reasonably related to, and grew out of, the disability-based discrimination and ongoing conduct described in her EEOC charge. The claims reflect a continuous pattern of conduct rather than separate events.

II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. The Court must accept Plaintiff's allegations as true and draw reasonable inferences in her favor.

III. ARGUMENT

A. Claims Are Reasonably Related

Plaintiff's EEOC charge alleged disability discrimination, unequal working conditions, and ongoing issues. These allegations are directly connected to Plaintiff's later need for accommodation and termination.

B. Continuing Conduct and Overlap

Plaintiff's EEOC charge identified the discrimination as a continuing action. The conduct did not end in August 2024, but continued and escalated into Plaintiff's termination in December 2024.

C. January 10 Evidence Shows Ongoing Process

Defendant's January 10, 2024 communication demonstrates that Defendant was already aware of Plaintiff's situation and addressing issues related to her condition and work status during the timeframe of the EEOC charge. This establishes that the later failure to accommodate and termination arose from the same ongoing process, not a separate or unrelated set of events.

## D. EEOC Had Notice

Plaintiff's charge referenced disability, physically demanding work, and complaints to management. These facts would reasonably lead to investigation of accommodation-related issues.

## E. Liberal Construction

EEOC charges must be construed liberally, particularly for pro se complainants. Plaintiff was not required to perfectly label each legal theory.

## F. Dismissal Is Premature

Whether Plaintiff's claims are reasonably related involves factual considerations and should not be resolved at the pleading stage.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

## CERTIFICATE OF SERVICE

I certify that on this _12_ day of April, 2026, I filed the foregoing with the Clerk of Court and served a copy on Defendant's counsel.

Laura Bustamante

Plaintiff, Pro Se