UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

LAURA BUSTAMANTE,

                Plaintiff,

    v.

JACOBUS ENERGY, LLC,

                Defendant.

Case No. 26CV424

---

**DEFENDANT JACOBUS ENERGY, LLC'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS**

---

**INTRODUCTION**

Plaintiff failed to exhaust her administrative remedies before filing the Complaint, and the arguments advanced in her response brief do not cure this failure. Plaintiff's attempt to prematurely pursue employment claims in federal court while they are still pending before an administrative agency has been unsuccessfully tried before. On review of a substantially similar set of facts, the United States District Court for the Northern District of Alabama dismissed a plaintiff's claims for this same reason, holding that an employee cannot prematurely pursue claims in federal court if those claims are still under review at the applicable administrative agency. *Barclay v. First Nat. Bank of Talladega*, No. 14-cv-01573, 2014 WL 5473829 (N.D. Ala. Oct. 28, 2014). Jacobus Energy respectfully requests that the Court similarly dismiss Plaintiff's Complaint without prejudice and deny her Motion to Stay Federal Proceedings as moot.[1]

---

[1] Plaintiff contends that the Court should not resolve this issue at the pleading stage. However, as noted and explained in Defendant's principal brief, "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

38259604.2

**ARGUMENT**

In her response, Plaintiff effectively concedes that her termination and failure to accommodate claims were not included in the underlying EEOC Charge for which she received the EEOC Determination and Notice of Rights ("EEOC Notice," also known as a right to sue letter). She argues instead, in conclusory fashion, that her termination and failure to accommodate claims are "like or reasonably related to and grew out of" the claims in her EEOC Charge. Plaintiff's response ignores that her termination and failure to accommodate claims are currently pending with the Wisconsin Equal Rights Division.

The federal district court in *Barclay v. First National Bank of Talladega* reviewed a nearly identical factual scenario. In *Barclay*, an employee of First National Bank, Margaret Barclay, filed an EEOC charge on August 23, 2011, alleging age and race discrimination regarding "a promotion to Supervisor in the Bookkeeping department." *Id.* at *2. The EEOC issued a right to sue letter for the 2011 EEOC charge but Barclay never received it. *Id.* The bank subsequently terminated Barclay's employment on July 17, 2013. *Id.* Barclay then filed her second EEOC charge on November 5, 2013, alleging termination in retaliation for filing her 2011 EEOC charge. *Id.* The EEOC mailed a right to sue letter for the 2013 EEOC charge on May 28, 2014. *Id.* Barclay filed a federal complaint on August 13, 2014, alleging claims based on both the 2011 denial of promotion based on race and the 2013 retaliatory termination. *Id.*

On these facts, the court held that the employee had not exhausted administrative remedies for her Title VII failure to promote claim for two reasons. *Id.* at *5. First, Barclay had not yet received a right to sue letter for her 2011 EEOC charge. *Id.* The court reasoned that, even though the EEOC *generated* a right to sue letter for the 2011 EEOC charge, it could not hear her Title VII failure to promote claim until she *received* a right to sue letter from the EEOC. *Id.* at *6.

2

38259604.2

Second, the court found the 2013 EEOC charge and right to sue letter did not provide a basis for her failure to promote claim to proceed, despite Barclay's argument that the EEOC's investigation of the 2013 EEOC charge could reasonably be expected to include the failure to promote claim. *Id.* at *7. The court noted the following facts: the right to sue letter that Barclay received for her 2013 EEOC charge referenced only the 2013 EEOC charge number; the 2013 EEOC charge itself only made passing reference to race discrimination but did not mention the failure to promote incident in the narrative at all; and the dates of discrimination in the charge referred to the date of her termination and not to the date the bank allegedly denied her a promotion. *Id.* "Thus, the 2013 EEOC charge clearly cover[ed] an allegation of retaliatory termination and clearly [did] not cover a claim for failure to promote because of race." *Id.*

The court further determined that allowing Barclay to "bootstrap her 2011 failure to promote claim into her 2013 EEOC charge is inconsistent with the policy of EEOC administrative exhaustion." *Id.* One of the purposes of exhausting administrative remedies is to give the EEOC an opportunity to settle the charge, and the EEOC had not yet resolved the 2011 failure to promote grievance because Barclay did not receive a right to sue letter. *Id.* The court concluded: "Barclay is not without a remedy for her Title VII failure to promote claim, however. Once she receives a right to sue letter for her 2011 EEOC charge, she is free to bring her Title VII failure to promote claim within the ninety day statutory period to file suit." *Id.*

This Court should likewise deny Plaintiff's attempt to bring claims that are still pending with an administrative agency. Just as Barclay never received a right to sue letter for her failure to promote claim, Plaintiff has not received a right to sue letter for her termination and failure to accommodate claims. In the present case, the EEOC never even generated the letter because the

38259604.2

claims are still pending with the Wisconsin Equal Rights Division. Thus, Plaintiff's termination and failure to accommodate claims are premature.

Further, the EEOC right to sue letter received by Plaintiff does not provide a basis to bring the termination and failure to accommodate claims. This case satisfies every factor considered in *Barclay*: (1) the right to sue letter references only EEOC Charge No. 443-2024-03034 alleging harassment and different terms and conditions and not EEOC Charge No. 26G202500648; (2) the narrative of the EEOC Charge makes no reference to her termination or her October 2024 work restrictions because those distinct acts had not yet occurred;[2] and (3) the dates of discrimination in the EEOC Charge (October 1, 2023 to August 2, 2024) refer to the dates of alleged harassment and different terms and conditions and not to the termination or failure to accommodate. (Dkt. 1-1, 9-1.) Although Plaintiff's EEOC Charge alleges "continuing violation" under the dates of discrimination, that allegation does not save her claims. Otherwise, any charging party who notes "continuing violation" could incorporate any subsequent allegations into their charge for an indefinite period of time.

Allowing Plaintiff to "bootstrap" her failure to accommodate and termination claims into her EEOC charge would defeat the policy of allowing the EEOC (or ERD) the opportunity to settle the charge. And like Barclay, Plaintiff is not without a remedy for her failure to accommodate and termination claims. She is free to bring the claims after she receives a final agency decision or an EEOC Notice for those claims. Until then, under the current facts, the Complaint must be dismissed.

---

[2] Plaintiff mentions a January 10, 2024 communication "addressing issues related to her condition and work status during the timeframe of the EEOC Charge." (Dkt. 13 at 1.) Defendant does not know the e-mail to which Plaintiff refers; regardless, she made no mention of work restrictions, an interactive process, or failure to accommodate a condition in her EEOC Charge.

38259604.2

## CONCLUSION

Based on the foregoing and for the reasons stated in its principal brief, Jacobus Energy requests the Court enter an order dismissing Plaintiff's Complaint without prejudice and denying the Motion to Stay Federal Proceedings as moot.

Dated this 24th day of April, 2026.

GODFREY & KAHN, S.C.

By: *s/ Aaron P. McCann*
    Aaron P. McCann
    State Bar No. 1086319
    Sarah K. Keebler
    State Bar No. 1114561

Attorneys for Defendant

MAILING ADDRESS:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
Email: amccann@gklaw.com
       skeebler@gklaw.com

Case 2:26-cv-00424-BHL    Filed 04/24/26    Page 5 of 5    Document 14

38259604.2