LAURA BUSTAMANTE,

          Plaintiff,

              Case No. 26-cv-0424-bhl

   v.

JACOBUS ENERGY LLC,

          Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION TO STAY AS MOOT**

---

On March 17, 2026, Plaintiff Laura Bustamante, proceeding without an attorney, filed a complaint against her former employer, Defendant Jacobus Energy LLC (Jacobus). (ECF No. 1.) Bustamante alleges that Jacobus violated the Americans with Disabilities Act (ADA) by failing to accommodate her work restrictions related to a disability and by terminating her employment. (*Id.*) On the same day Bustamante filed her complaint, she also filed a motion to stay the case. (ECF No. 2.) She argues the case must be stayed because there is a currently pending administrative proceeding before the Equal Rights Division (ERD) of the Wisconsin Department of Workforce Development about the same alleged discrimination. (*Id.*; ECF No. 2-1.) On April 9, 2026, Jacobus filed a motion to dismiss on grounds that Bustamante had not exhausted her administrative remedies before filing suit. (ECF No. 7.) According to Jacobus, the Equal Employment Opportunities Commission (EEOC) right to sue letter attached to the complaint relates to a different charge that Bustamante filed months before the facts alleged in the complaint occurred. (ECF No. 8 at 4–5.) It further contends that Bustamante cannot proceed with the claim alleged in her complaint until the now-pending ERD proceeding is adjudicated. (*Id.*) Because Bustamante's complaint, and documents of which the Court may take judicial notice, show that she is currently litigating her charge related to *this* alleged conduct in state administrative proceedings, the Court will grant Defendant's motion and dismiss the complaint without prejudice. As discussed below,

the Court will grant Bustamante leave to amend her complaint.  The Court will also deny Bustamante's motion to stay as moot.

## BACKGROUND

Plaintiff Laura Bustamante worked as a mobile diesel fueler for Jacobus Energy, LLC, a Milwaukee based business, for roughly six years.  (ECF No. 1 at 1.)   Bustamante developed "multiple medical conditions and work-related injuries" during her tenure.  (*Id*.)  On October 18, 2024, Bustamante provided Jacobus "with medical documentation establishing permanent restrictions."  (*Id.*)  Bustamante requested that she be considered for available positions that accommodated her work restrictions, like a "planner/dispatcher" position. (*Id.* at 2.)  On December 19, 2024, Jacobus terminated Bustamante's employment.  (*Id.*)

Bustamante has initiated two administrative proceedings related to charges of discrimination during her employment at Jacobus.  On August 6, 2024, she filed a charge of discrimination (Charge No. 443-2024-03034) with the EEOC, alleging that Jacobus subjected her to different terms and conditions and harassment during her employment, that Jacobus did not pay her an extra $50 per day for training, did not honor her seniority, assigned her more physically demanding routes, and that she was threatened by management.  (ECF No. 9-1 at 2.)  The EEOC issued her a right to sue letter related to that charge on March 12, 2026.  (*Id.*; ECF No. 1-1 at 2.)

On February 27, 2025, Bustamante filed a second charge of discrimination against Jacobus before the Wisconsin ERD (Case No. CR202500368).  (ECF No. 1 at 2; ECF No. 2-1; ECF No. 9-2.)  This second charge was cross-filed with the EEOC and has been assigned EEOC Case No. 26G202600648.  (ECF No. 2-1.)  The second charge concerns the same facts described in the complaint:  that Jacobus failed to provide Bustamante reasonable accommodations, consider her for a position that was compatible with her work restrictions, and terminated her employment. (ECF No. 9-2 at 4.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)).  A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion."  *Roberts*, 817 F.3d at 565

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Under Federal Rule of Civil Procedure 10(c), written instruments attached to a pleading become part of the pleading.  *Williamson v. Curran,* 714 F.3d 432, 435–36 (7th Cir. 2013).  The Seventh Circuit allows courts to consider "documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice."  *Id.* at 436 (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).  Courts may take judicial notice of court filings and other matters of public record, like administrative proceedings, when the accuracy of those documents reasonably cannot be questioned.  *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

Complaints do not need to anticipate defenses to survive a motion to dismiss, *but* "[a] plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court," and that plaintiff's case may be dismissed on the pleadings.  *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).  A failure to exhaust administrative remedies is an affirmative defense. *Salas v. Wis. Dep't of Corr.,* 493 F.3d 913, 921–22 (7th Cir. 2007).  While district courts ordinarily do not dismiss complaints based on affirmative defenses, when it is clear from the complaint itself and matters of which the court may take judicial notice that the plaintiff's claim is barred as a matter of law, dismissal is appropriate.  *See Parungao*, 858 F.3d at 457.

### ANALYSIS

Bustamante's complaint includes three claims:  that Jacobus violated the ADA by engaging in disability discrimination, failing to accommodate her work restrictions, and "fail[ing] to engage in the interactive process." (ECF No. 1 at 2.)  All are related to events that occurred between October 18, 2024, when Bustamante provided Jacobus her medical documentation regarding her work restrictions, and December 19, 2024, when her employment was terminated.  (*Id.* at 1–2.) Jacobus argues that Bustamante has not exhausted her remedies on these claims.  It points out that the EEOC right to sue letter attached to the complaint relates to a prior EEOC charge relating to different conduct that occurred before the events alleged in her complaint.  (ECF No. 8 at 4–5.)

Because the record confirms that Jacobus is correct, Bustamante's complaint must be dismissed without prejudice for failure to exhaust her administrative remedies.

Before a plaintiff can bring a suit in federal court under the ADA, she must file a timely charge with the EEOC and receive a right to sue letter related to that charge. *See* 42 U.S.C. §12117(a); 42 U.S.C. §2000e–5(b), (e), & (f). After receiving a right to sue letter, a plaintiff has 90 days to file her complaint. 42 U.S.C. §2000e–5(f)(1). These requirements are preconditions, and if not satisfied, are grounds to dismiss the case, unless waived by the Defendant. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982); *Gibson v. West,* 201 F.3d 990, 993 (7th Cir. 2000). A plaintiff may only bring claims that were included in her EEOC charge or that are like or reasonably related to the allegations of the charge and growing out of those allegations. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Courts may determine whether claims are like or reasonably related to the allegations of a charge at the motion to dismiss stage. *See id.* "The fact that the charge and complaint generally assert the same kind of discrimination is not sufficient, without some factual relationship between them." *Id.* at 1005 (citing *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir. 1994)).

The record confirms that the claims alleged in Bustamante's complaint relate to her second-filed administrative action, which remains pending with the Wisconsin ERD. (ECF No. 1 at 2; ECF No. 2; ECF No. 9-2.) She therefore has not yet completed her exhaustion efforts relating to that charge and that conduct. While she attached a right to sue letter to her complaint, that letter concerns a completely separate charge and completely separate conduct. (ECF No. 1-1; ECF No. 9-1.) It does not establish that she has exhausted her administrative remedies concerning the conduct alleged in the complaint. Accordingly, the Court must grant Jacobus's motion to dismiss because the EEOC charge and corresponding right to sue letter are not related to the conduct alleged in the complaint. *See Chaidez*, 937 F.3d at 1004–05.

The Seventh Circuit has instructed that a *pro se* plaintiff, like Bustamante, be afforded one opportunity to amend her complaint, unless amendment would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). As described above, Bustamante has administratively exhausted the claims related to the EEOC charge for which she received a right to sue letter and those claims might be ripe for inclusion in an amended pleading, assuming they are not untimely or otherwise barred. Given that courts should construe *pro se* complaints liberally, the Court will grant Bustamante leave to amend. If she believes she can cure the deficiencies identified in this

decision, she may file an amended complaint by August 3, 2026.  The amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint."  It will supersede Bustamante's prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, ECF No. 7, is **GRANTED**.  Plaintiff's complaint is dismissed without prejudice.  If Plaintiff wishes to continue this lawsuit, she must file an amended complaint on or before **August 3, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay, ECF No. 2, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on July 2, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge